FOX ROTHSCHILD LLP
Yann Geron
Kathleen Aiello
100 Park Avenue, 15th Floor
New York, New York 10017
(212) 878-7900

*Attorneys for Yann Geron, Interim Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | |
| | : | Chapter 7 |
| DB 85 GYM CORP., | : | |
| d/b/a DAVID BARTON GYM, | : | Case No. 16-13580 (SHL) |
| | : | |
| Debtor. | : | |

---------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | |
| | : | Chapter 7 |
| CLUB VENTURES III, L.L.C., | : | |
| d/b/a DAVID BARTON GYM, | : | Case No. 16-13581 (SHL) |
| | : | |
| Debtor. | : | |

---------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | |
| | : | Chapter 7 |
| CLUB VENTURES X, LLC, | : | |
| d/b/a DAVID BARTON GYM, | : | Case No. 16-13582 (SHL) |
| | : | |
| Debtor. | : | |

---------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | Chapter 7 |
| | : | |
| CLUB VENTURES ARCHIVE LLC, | : | Case No. 16-13616 (SHL) |
| d/b/a DAVID BARTON GYM, | : | |
| | : | |
| Debtor. | : | |

---------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | Chapter 7 |
| | : | |
| CLUB VENTURES LIMELIGHT LLC, | : | Case No. 16-13617 (SHL) |
| d/b/a DAVID BARTON GYM, | : | |
| | : | |
| Debtor. | : | |

---------------------------------------------------------------x

```
-----------------------------------------------------------------x
  In re                                       :
                                              :
  CLUB VENTURES MIAMI LLC,                    :       Chapter 7
  d/b/a DAVID BARTON GYM,                     :
                                              :       Case No. 16-13618 (SHL)
                     Debtor.                  :
-----------------------------------------------------------------x
  In re                                       :
                                              :       Chapter 7
  CLUB VENTURES INVESTMENTS LLC,              :
  d/b/a DAVID BARTON GYM,                     :       Case No. 17-10060 (SHL)
                                              :
                     Debtor.                  :
-----------------------------------------------------------------x
```

### TRUSTEE'S MOTION SEEKING ENTRY OF AN ORDER DIRECTING JOINT ADMINISTRATION OF THE DEBTORS' CHAPTER 7 CASES AND GRANTING RELATED RELIEF

TO THE HONORABLE SEAN H. LANE,
UNITED STATES BANKRUPTCY JUDGE:

Yann Geron (the "Trustee"), the interim chapter 7 trustee of the of the estates of

DB 85 Gym Corp., Club Ventures III, L.L.C., Club Ventures X, LLC, Club Ventures Archive

LLC, Club Ventures Limelight LLC, Club Ventures Miami LLC and Club Ventures Investments

LLC, all of which did business as DavidBartonGyms (each a "Debtor", and collectively, the

"Debtors"), the above-captioned debtors, as and for his motion (the "Motion"), by and through his

undersigned counsel, Fox Rothschild LLP,  for an order, substantially in the form annexed hereto

as Exhibit A (the "Order") directing procedural consolidation and joint administration of the

Debtors' chapter 7 cases and granting related relief, respectfully sets forth and represents as

follows:

### Relief Requested

1.      By this Motion, the Trustee requests that the United States Bankruptcy Court for

the Southern District of New York (the "Bankruptcy Court") maintain one file and one docket for

all of the jointly-administered cases under the case of Club Ventures Investments, LLC d/b/a

DavidBartonGym (Case No. 17-10060 (SHL)), and that the cases be administered under the

following consolidated caption:

```
-----------------------------------------------------------------x
  In re                                  :
                                         :   Chapter 7
  CLUB VENTURES INVESTMENTS LLC,         :
  d/b/a DAVID BARTON GYM,                :   Case No. 17-10060 (SHL)
                                         :
                        Debtor.          :   Jointly Administered
-----------------------------------------------------------------x
```

2.      The Trustee further requests that the Bankruptcy Court order that the foregoing

caption satisfies the requirements set forth in Section 342(c)(1) of the Bankruptcy Code.

3.      The Trustee also requests that a docket entry, substantially similar to the following,

be entered on the docket of each of the Debtors' cases other than the Club Ventures Investments,

LLC d/b/a DavidBartonGym:

> An order has been entered in accordance with Rule 1015(b) of the
> Federal Rules of Bankruptcy Procedure directing the joint administration
> of the chapter 7 cases of DB 85 Gym Corp., Club Ventures III, LLC,
> Club Ventures X, LLC, Club Ventures Limelight LLC, Club Ventures
> Archive LLC, Club Ventures Miami, LLC and Club Ventures
> Investments, LLC, all of which did business as DavidBartonGym.  All
> pleadings and other papers shall be filed in and all further docket entries
> shall be made in Case No. 17-10060 (SHL).

## Jurisdiction and Venue

4.      The Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C.

§§ 157 and 1334.

5.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6.      The statutory bases for the relief requested herein are Section 105(a) of title 11 of

the United States Code (the "Bankruptcy Code"), Rule 1015(b) of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules") and Local Bankruptcy Rule 9013-1(a) of the Local Bankruptcy Rules for the Southern District of New York (the "LBRs").

## Background

7.      On December 23, 2016 (the "Legacy Debtors Petition Date"), DB 85 Gym Corp., Club Ventures III, L.L.C. and Club Ventures X, LLC (together, the "Legacy Debtors")[1] each filed voluntary petitions for relief under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

8.      On December 30, 2016 (the "Non-Legacy Debtors Petition Date"), Club Ventures Miami LLC, Club Ventures Archive LLC and Club Ventures Limelight LLC (together, the "Non-Legacy Debtors") each filed voluntary petitions for relief under chapter 7 of the Bankruptcy Code in the Bankruptcy Court.

9.      On January 12, 2017 (the "CV Investments Petition Date"), Club Ventures Investments LLC ("CV Investments") filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code in the Bankruptcy Court.  Club Ventures Investments LLC was previously a debtor in bankruptcy under Case No. 11-10891 in the Bankruptcy Court.

10.     In the Debtors' Notice of Presentment for an Order, Pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure, Extending Time to File Schedules and Statements of Financial Affairs (the "Extension Motion")[2], they informed the Court that each Legacy Debtor is a tenant under a non-residential lease of real property and a holder of a leasehold interest.  DB 85

---

[1]      Upon information and belief, these Debtors are referred to as the Legacy Debtors because they are entities that emerged from a prior chapter 11 bankruptcy filing that was filed.

[2]      Information about the Debtors is taken from the Debtors' Extension Motion, upon representations made by the Debtors.  The Interim Trustee cannot attest to the truth and accuracy of the information set forth by the Debtors.

Gym Corp. occupies premises located at 30 East 85th Street, New York, New York.  Club Ventures III, L.L.C. occupies premises located at 600 W. Chicago Avenue, Chicago, IL.  Club Ventures X, LLC occupies premises located at 11111 NE 8th Street, Bellevue, WA.  Upon information and belief, other than the leasehold interests, the Legacy Debtors do not own any property.  The Debtors informed the Trustee that CV Investments, the parent company of the Legacy Debtors, operated fitness clubs in each location under the name DavidBartonGym.

11.     The Legacy Debtors have not yet made representations regarding the ownership of the FF&E and other assets that might be located on the leased premises occupied by each of the Legacy Debtors.  The nature of the ownership of the Property in each of those locations is still unknown to the Trustee.

12.     Each Non-Legacy Debtor is a tenant under a non-residential lease of real property and a holder of a leasehold interest and also a direct operator of a DavidBartonGym.  Club Ventures Miami LLC operates a fitness club at 2323 Collins Avenue, Miami Beach, Florida.  Club Ventures Archive LLC operates a fitness club at 666 Greenwich Street, New York, New York.  Club Ventures Limelight LLC operates a fitness club at 656 Sixth Avenue, New York, New York.

13.     Upon information and belief, CV Investments maintains its principal place of business at 4 Astor Place, New York, New York, which CV Investments, as well as each of the other six Debtors, lists as its mailing address.

14.     Upon information and belief, CV Investments owns the FF&E and memberships located at the Legacy Debtors locations, but is not the leaseholder at those locations.

15.     Following the Legacy Debtors Petition Date, the Non-Legacy Debtors Petition Date, and CV Investments Petition Date, Yann Geron was appointed as interim Chapter 7 Trustees of each of the respective Debtors' cases.

16.     The respective DavidBartonGyms operating from each of the aforementioned locations appear to have been abruptly shut down immediately before the respective bankruptcy filings with little or no warning to the landlords, the gym clients, their vendors, or their employees. Because the DavidBartonGyms stopped operating in this manner, the Debtors' affairs were left in disarray upon their filings.

17.     The Legacy Debtors are subsidiaries of CV Investments, which enjoys common or similar ownerships as the Non-Legacy Debtors, which are identified as affiliates of CV Investments and the Legacy Debtors.   Upon information and belief, all of the Debtors' have common management.

### Basis for Relief

18.     Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f…two or more petitions are pending in the same court by or against…a debtor and an affiliate, the court may order a joint administration of the estates."  *See* Fed. R. Bankr. P. 1015.  The Debtors are "affiliates" as that term is defined in Section 101(2) of the Bankruptcy Code.  Section 105(a) of the Bankruptcy Code provides the Court with the power to grant the relief requested herein by permitting the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the [Bankruptcy Code].  *See* 11 U.S.C. § 105(a).

19.     Joint administration is generally non-controversial, and courts in this jurisdiction routinely order joint administration in cases with multiple, related debtors.  *See, e.g.,* In re Sabine Oil & Gas Corporation, No. 15-11835 (SCC) (Bankr. S.D.N.Y. July 16, 2015); In re Chassix Holdings, Inc., No. 15-10578 (MEW) (Bankr. S.D.N.Y. Mar. 12, 2015); In re NII Holdings, Inc., No. 14-12611 (SCC) (Bankr. S.D.N.Y. Sept. 16, 2014); In re Genco Shipping & Trading Ltd., No. 14-11108 (SHL) (Bankr. S.D.N.Y. Apr. 23, 2014); In re MPM Silicones, LLC, No. 14-22503

(RDD) (Bankr. S.D.N.Y. Apr. 14, 2014); In re Sbarro LLC, No. 14-10557 (MG) (Bankr. S.D.N.Y.

Mar. 12, 2014); In re Hawker Beechcraft, Inc., No. 12-11873 (SMB) (Bankr. S.D.N.Y. May 4,

2012).

20.    Given the integrated nature of the Debtors' operations, management and ownership,

joint administration of these chapter 7 cases will provide significant administrative convenience

without harming the substantive rights of any party in interest.  Many of the motions, hearings,

and orders in these Chapter 7 cases will affect each and every Debtor entity.  The entry of the

Order directing joint administration of these chapter 7 cases will reduce fees and costs by avoiding

duplicative filings and objections.  Joint administration will also allow the U.S. Trustee and all

parties-in-interest to monitor these chapter 7 cases with greater ease and efficiency.

21.    Moreover, the joint administration will not adversely affect the Debtors' respective

constituencies because this Motion seeks only administrative, not substantive, consolidation of the

Debtors' estates.  Parties-in-interest will not be harmed by the relief requested; instead, parties-in-

interest will benefit from the cost reductions associated with the joint administration of these

chapter 7 cases.

22.    For all the foregoing reasons, the Trustee submits that the joint administration of

these chapter 7 cases is in the best interests of their estates, their creditors and all other parties-in-

interest.

### **Motion Practice**

23.    This Motion includes citations to the applicable rules and statutory authorities upon

which the relief requested herein is predicated and a discussion of their application to this Motion.

Accordingly, the Trustee submits that this Motion satisfies LBR 9013-1(a).

## Notice

24.     The Trustee will provide notice of this Motion to: (i) the Debtors; (ii) counsel to the Debtors; (iii) counsel to all identified purported secured creditors; (iv) all known creditors and parties in interest; (v) any party that has requested notice pursuant to Bankruptcy Rule 2002; (vi) all parties who have contacted the Trustee; and (vii) the Office of the United States Trustee.

25.     The Trustee will provide a copy of this Motion to:  (i) counsel to the Debtors; (ii) counsel to all identified purported secured creditors; (iii) any party that has requested notice pursuant to Bankruptcy Rule 2002; and (iv) the Office of the United States Trustee.

26.     The Trustee submits that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

27.     No prior request for the relief sought in this Motion has been made to this or any other court.

        *WHEREFORE*, the Trustee respectfully requests that entry of the order, substantially in the form annexed hereto as Exhibit A, (a) granting the relief requested herein; and (b) granting such other and further relief as is just and proper.

Dated:   New York, New York                    FOX ROTHSCHILD LLP
         January 26, 2017                      *Attorneys for Yann Geron, Interim Chapter 7 Trustee*


                                       By:   */s/ Kathleen Aiello*
                                             _____
                                             Yann Geron
                                             Kathleen Aiello
                                             100 Park Avenue, 15th Floor
                                             New York, New York 10017
                                             (212) 878-7900

8