The Jacob D. Fuchsberg Law Firm, LLP  
Alan L. Fuchsberg, Esq.  
500 Fifth Avenue, 45ᵗ Floor  
New York, New York 10110  
(212) 869-3500  
*Attorneys for Movant*

Hearing Date: February 21, 2017  
Hearing Time: 10:50 AM

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  
-------------------------------------------------------------------- X  
In re:

CLUB VENTURES INVESTMENTS LLC,

Debtor.  
-------------------------------------------------------------------- X

DECLARATION OF  
ALAN L. FUCHSBERG

Chapter 7  
Case No. 17-10060-shl

MOTION FOR ENTRY OF AN ORDER  
GRANTING RELIEF FROM THE AUTOMATIC STAY  
TO PERMIT PENDING PERSONAL INJURY ACTION TO PROCEED

1. Movant Scott Barbuto ("Movant"), who is a personal injury plaintiff in the pending negligence action identified in ¶ 8 below ("Action"), hereby make this motion ("Motion"), pursuant to 11 U.S.C. § 362(d), for entry of an order, substantially in the form annexed hereto as Exhibit 1, granting him relief from the automatic stay to permit his pending personal injury action to proceed against the debtor CLUB VENTURES INVESTMENTS LLC ("Debtor"). See attached as Exhibit 2 Movant's Affidavit.

2. In support of the Motion, Alan L. Fuchsberg, Esq., a partner of The Jacob D. Fuchsberg Law Firm, LLP, counsel to Movant, respectfully represents as follows:

**Jurisdiction and Venue**

3. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This

1

matter is a core proceeding within the meaning of 28 U.S.C. §157 (b)(2).

4.  The statutory predicate for the relief sought herein is 11 U.S.C. § 362(d).

### Background of the Bankruptcy Case

5.  On January 12, 2017 (the "Petition Date"), Club Ventures Investments, LLC ("Debtor") filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code.

6.  The Debtor is in business and managing its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Yann Geron, Esq. from the office of Fox Rothschild LLP, has been appointed as the bankruptcy trustee (see Exhibit 3).

### The Pending Personal Injury Action

7.  As alleged in the complaint filed on January 24, 2013, Movant commenced a personal injury action against the Debtor for the serious and permanent personal injuries sustained as a result of the Debtor's negligence. A copy of the complaint and Affidavit of Service are annexed hereto as Exhibit 4.

8.  A brief description of the action, its commencement date, status, the injuries at issue and the status of applicable insurance are set forth below:

*Scott A. Barbuto v.*
*Club Ventures Investments LLC d/b/a DavidBartonGym,*

**Action Commenced:** January 24, 2013 - Supreme Court New York County.

**Index:** 150695/13

**Debtor:** Club Ventures Investments, Inc. dba David Barton Gym

**Status:** Trial Date originally scheduled for January 23, 2017

**Insurance:** National Casualty Co. Policy No. KKO0000002250900- $1,000,000.00 per occurrence.
Excess insurance: National Casualty Co. Police No. XKO0000001355200 - limit of $10,000,000.00 (see Exhibit 5)

2

**General Description:** Improper maintenance and repair of defective gym equipment

**Injuries:** Bilateral SER 4 ankle fractures, tear of bilateral deltoid ligaments, tear of anterior and posterior tibiofibular ligaments, necessity for an Open Reduction Internal Fixation procedure (ORIF), necessity for a further surgical procedure to remove the right ankle hardware, extensive physical therapy, functional limitations, decreased mobility, numbness, tingling, scarring, continuous pain and suffering, lost earnings, and has incurred medical expenses (see enclosed herein as Exhibit 6 a copy of Plaintiff's Bill of Particulars)

9. The note of issue in the aforementioned case was filed on November 21, 2014 after approximately almost two years of discovery (see Exhibit 7)

10. On January 20, 2015, Defendant move for Summary Judgment seeking dismissal of Plaintiff's action. Plaintiff opposed Defendant's motion and cross-move for spoliation sanctions against Defendant for intentionally and/or negligently disposing of relevant evidence in this action. The Honorable Jennifer G. Schecter denied both motions holding that plaintiff had at a minimum, raised issues of fact as to "whether the machine was defective, whether the defect was discoverable by reasonable inspection or known the Gym and whether the defendant failed to meet its obligation to make a reasonable inspection of the Smith Machine used on the basement level of the Gym" and henceforth the case could proceed to a jury trial (see annexed as Exhibit 8 Supreme Court New York County Decision & Order dated January 29, 2016).

11. Defendant appealed the lower court's decision on July 11, 2016. On October 25, 2016, the Appellate Court First Department unanimously affirmed Judge Scheter's decision. Enclosed as Exhibit 9 is the Appellate Decision and Order.

12. The Supreme Court of New York County set a trial for January 23, 2017 (see Exhibit 10). However, on January 12, 2017, the Debtor filed for bankruptcy automatically staying this action.

13. For the reason stated in Movant's Memorandum of Law, and given the serious nature of the injuries at issue in the pending action, the stay should be lifted to allow Movant's action to proceed in Supreme Court, New York County to judgment or settlement. The Debtor is privately insured, the parties are ready for trial, and allowing the litigation to continue would not interfere with the bankruptcy proceeding. Thus, the Debtor nor its creditors would be prejudiced by allowing the case to proceed to trial and enabling Movant to seek recovery against its insurance. Conversely, Movant would suffer severe hardship if he was prevented from proceeding with his case expeditiously and would delayed the conclusion of the same.

14. No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, Movant respectfully requests that the Court enter an order, substantially in the form annexed hereto as Exhibit 1: (a) modifying the automatic stay to: (i) allow the action to proceed in Supreme Court, New York County to judgment or settlement; (ii) permit the plaintiff to execute on any such judgment or collect on any such settlement against available insurance proceeds without further order of the court; and (c) for such other and further relief as this Court deems just and proper.

Dated:  January 30, 2017
        New York, New York

THE JACOB D. FUCHSBERG LAW FIRM, LLP

By: Alan Fuchsberg, Esq.

500 Fifth Avenue, 45th Floor
New York, New York 10110
(212) 869-3500
*Attorneys for Movant*