UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
In re:

CLUB VENTURES INVESTMENTS LLC d/b/a          Chapter 7
DAVID BARTON GYM,                            Case No. 17-10060-shl


                              Debtor.
------------------------------------------------------------------- X


### MEMORANDUM OF LAW IN SUPPORT OF
### MOTION TO LIFT AUTOMATIC STAY


                    **THE JACOB D. FUCHSBERG LAW
                    FIRM, LLP**
                    *Attorneys for Plaintiff*
                    500 Fifth Avenue, 45th floor
                    New York, New York 10110



*Of Counsel:*
Alan L. Fuchsberg, Esq.

# TABLE OF CONTENTS

Page

**Jurisdiction an Venue** …………………………………………………………… 1

**Basis for Relief Requested**

POINT I ………………………………………………………………….... 2

THE IMPACT OF THE STAY ON THE PARTIES AND BALANCE OF
THE HARMS FAVOR LIFTING THE STAY

POINT II …………………………………………………………...……... 4

LIFTING THE STAY AND ALLOWING THE ACTIONS TO
PROCEED WILL COMPLETELY RESOLVE THE LITIGATION

POINT III …………………………………………………………...……... 4

THE ACTION IS NOT CONNECTED TO NOR
WILL IT INTERFERE WITH THE BANKRUPTCY CASE

POINT IV ………………………………………………………………..... 5

THE DEBTOR'S INSURER HAS ASSUMED FULL
RESPONSIBILITY FOR DEFENDING MANY OF THE ACTIONS

POINT V ………………………………………………………………..... 5

LITIGATION IN OTHER FORUM WILL NOT
PREJUDICE THE INTERESTS OF OTHER CREDITORS

POINT VI ………………………………………………………………..... 6

THE INTERESTS OF JUDICIAL ECONOMY AND
THE EXPEDITIOUS AND ECONOMICAL RESOLUTION OF
THE LITIGATIONS FAVOR LIFTING THE STAY

POINT VII ………………………………………………………………..... 6

THE PARTIES ARE READY FOR TRIAL

**Conclusion** ………………………………………………………………….. 6

## TABLE OF AUTHORITIES

*Statute*

1.  11 U.S.C. §362

2.  28 U.S.C. §157

3.  28 U.S.C. § 1334

4.  28 U.S.C. §1408

5.  28 U.S.C. §1409

6.  28 U.S.C. § 157(b)(2)(B).

*Case Law*

1.   *In re Mazzeo,* 167 F.3d 139, 142-43 (2d Cir. 1999)

2.   *Sonnax Industries, Inc. v. Tri Component Products Corp.,* 907 F.2d 1280 (2d Cir. 1990)

3.   *In re Holtkamp,* 699 F.2d 505 (7th Cir. 1982)

4.   *In re New York Medical Group, P. C,* 265 B.R. 408, 413 (Bankr. S.D.N.Y. 2001).

5.   *In re Keene Corp.*, 171 B.R. 180, 183 (Bankr. S.D.N.Y. 1994)

6.   *In re Bock Laundry Machine Co.,* 37 B.R. 564, 566 (Bankr. N.D. Ohio 1984)

1.     This Memorandum of Law is submitted in support of movant Scott Barbuto's ("Movant") motion pursuant to 11 U.S.C. §362(d), for entry of an order granting him relief from the automatic stay ("Motion") to permit his pending personal injury action to proceed against the debtor CLUB VENTURES INVESTMENTS LLC d/b/a DAVID BARTON GYM ("Debtor").

## Jurisdiction and Venue

2.     The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. §157 (b)(2).

3.     The statutory predicate for the relief sought herein is 11 U.S.C. § 362(d).

## Basis For Relief Requested

4.   Under section 362(d) of the Bankruptcy Code, upon request of a party in interest, the court may grant relief from the automatic stay "for cause". 11 U.S.C. § 362(d)(1). Once the moving party makes out a prima facie showing that "cause" exists, the non-moving party has the burden of disproving the existence of "cause". 11 U.S.C. § 362(g)(2); *In re New York Medical Group, P. C,* 265 B.R. 408, 413 (Bankr. S.D.N.Y. 2001).

5.   In determining what constitutes "cause", the Second Circuit has set out 12 factors to be considered:

1.   Whether relief would result in a partial or complete resolution of the issues;

2.   lack of any connection with or interference with the bankruptcy case;

3.   whether the other proceeding involves the debtor as a fiduciary;

4.   whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;

5.   whether the debtor's insurer has assumed full responsibility for defending it;

6.  whether the action primarily involves third parties;

7.  whether litigation in another forum would prejudice the interests of other
creditors;

8.  whether the judgment claim arising from the other action is subject to
equitable subordination;

9.  whether movant's success in the other proceeding would result in a
judicial lien avoidable by the debtor;

10. the interests of judicial economy and the expeditious and economical
resolution of the litigation;

11. whether the parties are ready for trial in the other proceeding; and

12. the impact of the stay on the parties and the balance of harms.

*Sonnax Industries, Inc. v. Tri Component Products Corp. (In re Sonnax Industries, Inc.),* 907

F.2d 1280, 1286 (2d Cir. 1990); *accord In re Mazzeo,* 167 F.3d 139, 142-43 (2d Cir. 1999). Not

all of the *Sonnax* factors are relevant in every case, and the court need not assign equal weight to

each factor. *See In re Mazzeo,* 167 F.3d at 143; *see also In re New York Medical Group, P. C.,*

*265* B.R. at 413; *In re Keene Corp.*, 171 B.R. 180, 183 (Bankr. S.D.N.Y. 1994). The decision to

grant relief from the automatic stay is within the discretion of the bankruptcy judge. *In re Sonnax*

*Industries, Inc.,* 907 F.2d at 1286. For purposes of this Motion, Movant submits that the relevant

*Sonnax* factors are 1, 2, 5, 7, 10, 11, and 12.

### THE IMPACT OF THE STAY ON THE PARTIES AND
### BALANCE OF THE HARMS FAVOR LIFTING THE STAY (FACTOR 12)

6.  In the underlying case, the trial was scheduled for January 23, 2017, less than two

weeks before the debtor filed for Bankruptcy (see Exhibit 10). Movant would suffer significant

hardship if his action continued to be stayed until the bankruptcy proceedings are resolved.

Delaying the resolution of this action would result in the aging of evidence, and the loss of

witnesses, and could effectively deny Movant his opportunity to litigate. *In re Bock Laundry*

*Machine Co.,* 37 B.R. 564, 566 (Bankr. N.D. Ohio 1984). Courts have recognized the substantial hardship to plaintiffs in personal injury actions if their cases are stayed, and have therefore accorded that hardship considerable weight in determining to lift the stay. *Id.* at 566 ("...Courts have attributed a considerable weight to the fact that a plaintiff, by having to wait, may effectively be denied an opportunity to litigate.") Indeed, despite the existence of a bankruptcy proceeding, the opportunity to litigate the issue of liability is a significant right which cannot be easily set aside. *Id.; accord In re Holtkamp,* 699 F.2d 505 (7th Cir. 1982).

7.   Comparatively, the Debtor's hardship is small or non-existent if the Movant were to be allowed to proceed. This conclusion holds especially true in cases like this one where the claims are ones that are covered by insurance and the insurance is also providing legal counsel. *In re Sonnax Industries, Inc.* 907 F.2d at 1286 (quoting 2 *Collier on Bankruptcy* ¶ 362.07(3), at 362-65 to -67); *In re New York Medical Group, P. C., 265 B. R.* at 413 (stay relief favored where debtor's insurer is defending debtor); *In re Holtkamp,* 669 F.2d at 508-09 (bankruptcy estate not jeopardized where insurance company assumed full financial responsibility for defending the action); *In re Bock Laundry Machine Co:, 37* B.R. at 567-68 (not much significance ascribed to the debtor's required participation in its defense, especially when insurer is providing counsel). Nonetheless, even where a debtor may be required to defend itself because there is no insurance, courts have found that this fact would not present a significant hardship on the Debtor. *See In re Bock Laundry Machine Co.,* 37 B.R. at 567-68 (and cases cited therein) (most courts have procedures to reduce the time officers will be in litigation, and the determination of liability will not affect the estate).

8.   Furthermore, discovery in this action has already been completed, thus, even less time and attention would be required from the Debtor. Thus, as the Debtor is insured (see

Exhibit 5) and discovery is complete, the Debtor cannot demonstrate substantial hardship if the stay is lifted to allow the case to proceed to trial.

9.   Accordingly, Movant will suffer substantially more harm than the Debtor if the stay is not lifted to let his action to proceed.

## LIFTING THE STAY AND ALLOWING THE ACTIONS TO PROCEED WILL COMPLETELY RESOLVE THE LITIGATION (FACTOR 1)

10. The relief requested herein will completely resolve the action, since the action was commenced, discovery was completed, and summary judgment motions were resolved prior to the filing of the bankruptcy petition and the trial was scheduled to go forward on January 23, 2017 in Supreme Court, New York County (see Exhibit 10). Thus, the case was ready to be heard in the state court, which is the only forum that can determine the liability of defendant/the Debtor and award relief to all parties. *See In re New York Medical Group, P.C.*, 265 B.R. at 413. By statute, the bankruptcy court cannot hear or determine the claims, which are the subject of the action, since it involves a personal injury tort claim that such court is not able to liquidate. See 28 U.S.C. § 157(b)(2)(B).

## THE ACTION IS NOT CONNECTED TO NOR WILL IT INTERFERE WITH THE BANKRUPTCY CASE (FACTOR 2)

11. The action in question is not connected to the bankruptcy case other than in the fact that its resolution will determine the extent of the Debtor's liability. Moreover, the continuation of the aforementioned action will not interfere with the bankruptcy case. As set forth above, the Debtor is represented by defense counsel who was appointed by its insurance. Accordingly, there can be no assertion that allowing the case to proceed to trial would interfere with the bankruptcy case. The amount of time that would need to be devoted by the

4

Debtor's personnel will be limited and, even then, such personnel would likely not be heavily involved in the reorganization efforts of the Debtor. Even if they were, to the extent their participation in the trial could began to impact the bankruptcy case, which would be highly unlikely, the Debtor could petition the court for relief. *In re Bock Laundry Machine Co.,* 37 B.R. at 567.

## THE DEBTOR'S INSURER HAS ASSUMED FULL RESPONSIBILITY FOR DEFENDING MANY OF THE ACTIONS (FACTOR 5)

12. The Debtor in the instance case is insured and the defense of this action has been handled by the defense counsel appointed the same. As articulated above, the existence of insurance reduces any possible hardship the Debtor may claim exists if the stay is lifted. Accordingly, there is a strong basis to permit the action to proceed to conclusion and to permit Movant to realize any judgments or settlements against the insurance proceeds through the primary and excess insurance coverage for the Debtor. Thus for this and other reasons set forth above, the stay should be lifted and the instant case should be allowed to proceed to conclusion in the forum in which its pending so that the claim may be liquidated and the Movant's ability to pursue his claim without significant delay is preserved.

## LITIGATION IN OTHER FORUM WILL NOT PREJUDICE THE INTERESTS OF OTHER CREDITORS (FACTOR 7)

13. Movant is requesting permission to lift the stay so that he may have an opportunity to litigate his claims and determine the Debtor's liability. The mere determination of the Debtor's liability will not prejudice the interests of other creditors; rather, it will aid in the efficient liquidation of all claims. Indeed, it is in the interest of all creditors that the liquidation of Movant's claim occurs sooner rather than later. *See In re New York Medical Group, P. C.,* 265 B.R. at 413-14 (allowing state court actions to proceed will not prejudice

5

other creditors).

### THE INTERESTS OF JUDICIAL ECONOMY AND THE EXPEDITIOUS AND ECONOMICAL RESOLUTION OF THE LITIGATIONS FAVOR LIFTING THE STAY (FACTOR 10)

14. In the instant action discovery was completed, dispositive motions were decided (including an appeal to the denial of summary judgment), and the trial was scheduled to commence less than two weeks prior to the Debtor's filing for bankruptcy. Thus, the matter was closed to final disposition and the parties were ready to proceed to trial.

15. Accordingly, it would be a waste of judicial and legal time and effort to start the case all over again in a new forum. Permitting the pending action to proceed would cause the least delay and expense for all concerned parties.

### THE PARTIES ARE READY FOR TRIAL (FACTOR 11)

16. As set forth above and in Movant's Attorney's Declaration, a firm trial date had been scheduled for January 23, 2017 and the parties were ready to proceed with the litigation prior to the filing of the bankruptcy petition on January 12, 2017. Accordingly, the posture of the case favors lifting the stay so that it may proceed to resolution.

### Conclusion

17. Based on the *Sonnax* factors set forth above, Movant has more than established his prima facie case that "cause" exists here to lift the stay. As the court in *In re Bock Laundry Machine Co.* eloquently stated:

> The mere filing of a petition in bankruptcy cannot, in and of itself, erase a plaintiff's claim, their opportunity to litigate, or the fact that a debtor may be liable to the plaintiff in some amount....The automatic stay was never intended to preclude a determination of tort liability and the attendant damages. It was merely intended to prevent a prejudicial dissipation of a debtor's assets.

37 B.R. at 567 (internal citations omitted). Movant respectfully submits that the Debtor cannot credibly argue the prejudice it would experience, if any, if the stay were lifted, would outweigh the significant hardship that Movant will unquestionably suffer if he is unable to proceed with this action.

WHEREFORE, Movant respectfully requests that the Court enter an order, substantially in the form annexed hereto as Exhibit 1: (a) modifying the automatic stay to: (i) allow the action to proceed in Supreme Court New York County to judgment or settlement; (ii) permit the plaintiff to execute on any such judgment or collect on any such settlement against available insurance proceeds without further order of the court; and (c) for such other and further relief as this Court deems just and proper.

Dated:      January 30, 2017
            New York, New York

THE JACOB D. FUCHSBERG LAW FIRM, LLP By:

Alan Fuchsberg, Esq.

500 Fifth Avenue, 45th Floor
New York, New York 10110
(212) 869-3500

*Attorneys for Movant*