UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

| | |
|---|---|
| In re | : |
| | :     Chapter 7 |
| CLUB VENTURES X, L.L.C., | : |
| d/b/a DAVID BARTON GYM, | :     Case No. 16-13582 (SHL) |
| | : |
|           Debtor. | : |

-------------------------------------------------------------x

| | |
|---|---|
| In re | : |
| | :     Chapter 7 |
| CLUB VENTURES INVESTMENTS LLC, | : |
| d/b/a DAVID BARTON GYM, | :     Case No. 17-10060 (SHL) |
| | : |
|           Debtor. | : |

------------------------------------------------------------ x

## STIPULATION AND ORDER BETWEEN TRUSTEE AND LANDLORD, RESOLVING AND SETTLING REAL ESTATE LEASE OBLIGATIONS PURSUANT TO 11 U.S.C. §§ 365(A), 501 AND 502

By this stipulation and proposed order (the "Stipulation"), Yann Geron (the "Trustee"), as chapter 7 trustee of Club Ventures X, LLC d/b/a DavidBartonGym (the "Debtor") and Club Ventures Investments LLC ("CV Investments"), the above-captioned debtors, and The Shops at Bravern LLC (the "Landlord" and together with the Trustee, the "Parties"), a landlord in the Debtor's above-captioned case, agree to resolve claims arising in connection with a certain pre-petition occupancy agreement regarding the non-residential of real property located at 11155/11025 NE 8th Street, Suite 125, Bellevue, WA (the "Premises"), as follows:

## RECITALS

**WHEREAS**, on or around July 18, 2007, the Debtor entered into a lease agreement with the Landlord's predecessor-in-interest, as amended by Amendment to the Lease dated March 30, 2009, Second Amendment to Lease dated September 5, 2008, Third Amendment to Lease dated January 7, 2010, Fourth Amendment to the Lease dated August 9, 2010 and Fifth

Amendment to the Lease dated April 1, 2011 (as amended, collectively, the "Lease") relating to the Premises; and

WHEREAS, since the Lease term provided for in the Fifth Amendment terminated, the Debtor has been occupying the Premises on a month-to-month basis (the "Month-to-Month Lease"); and

WHEREAS, on March 2, 2011, the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") (Case No. 11-10906, as jointly administered in Case No. 11-10891); and

WHEREAS, on December 23, 2016 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code in the Bankruptcy Court; and

WHEREAS, on December 27, 2016, Yann Geron was appointed as interim Trustee of the Debtor's estate; and

WHEREAS, as of the date of this Stipulation, neither the Debtor nor CV Investments had filed their bankruptcy schedules or statement of financial affairs; and

WHEREAS, the Trustee has never taken physical possession of the Premises since the Petition Date; and

WHEREAS, as of the Petition Date, based on information confirmed by the Landlord, the Debtor's current monthly base rent under the Month-to-Month Lease was $65,000 plus regular monthly charges (the "Lease Obligation"); and

WHEREAS, the Trustee and the Landlord acknowledge, based on information confirmed by the Landlord, that there is no security deposit securing the Debtor's Lease Obligations; and

ACTIVE\44225667.v2-2/3/17

**WHEREAS**, on January 12, 2017, CV Investments filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code in the Bankruptcy Court; and

**WHEREAS**, on January 13, 2017, Yann Geron was appointed interim chapter 7 trustee of CV Investments; and

**WHEREAS**, as of the date of this Stipulation, CV Investments has not filed its bankruptcy schedules and statement of financial affairs, but is believed to have an interest in the FF&E located on the Premises; and

**WHEREAS**, on January 13, 2017, the Trustee filed the Trustee's Application for an Order, Pursuant to 11 U.S.C. § 554(a) and Fed. R. Bankr. P. 6007, Authorizing the Trustee to Abandon Certain of the Debtors' Property (the "Abandonment Motion"), which was based upon the Trustee's determination (based on the limited information available to him) that neither the Lease nor any of the inventory, furniture, fixtures and equipment (the "FF&E") located on Premises constitutes unencumbered property of the Debtor's estate that should be liquidated for the benefit of unsecured creditors; and

**WHEREAS**, the Abandonment Motion is scheduled to be heard by the Bankruptcy Court on January 31, 2017 (the "Abandonment Date"); and

**WHEREAS**, the Parties have engaged in good-faith, arms'-length negotiations and have reached a consensual resolution with respect to the rejection of the Lease, the abandonment of the FF&E and a fixing of the Landlord's claim against the Debtor's estate.

**NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED AS FOLLOWS:**

1.    The Month-to-Month Lease, to the extent not previously terminated, is hereby deemed rejected as of the Petition Date.

3

2.      On the Abandonment Date, the Trustee, on behalf of the Debtor's estate and the estate of CV Investments will be deemed to have abandoned the estates' interests in any FF&E on the Premises as of the Petition Date.

3.      Upon execution of this Stipulation, the Trustee will turn over to the Landlord any keys to the Premises in its possession and the Landlord shall be permitted to change the locks to the Premises.

4.      The Landlord reserves its rights to assert a claim, pursuant to Section 502 of the Bankruptcy Code, at a later date, and the Trustee reserves his right to object to any such claim.

5.      In exchange for the prompt disposition of the Lease, the Landlord will not assert any post-petition claims against the Debtors' estates or the Trustee.

6.      Nothing contained herein shall be deemed to waive, preclude or otherwise impair the Landlord's claims against non-Debtor third parties and all of the Landlord's claims against third party guarantors are preserved to fullest extent possible.

7.      The Trustee agrees not to oppose any motion filed by the Landlord in the Bankruptcy Court which seeks to determine the rights to the personal property that is the subject of the Abandonment Motion and order approving the Abandonment Motion.

8.      The Parties represent that this Stipulation constitutes the entire agreement among them in this matter and that this Stipulation may not be changed, modified or altered in any way or manner, except in writing, signed by the party against which such change, modification or alternation is sought to be enforced.

9.      The recitals set forth in this Stipulation are not merely precatory, but are fully incorporated into and constitute a substantive part of this Stipulation.

4

10.     This Stipulation may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.  Any signature delivered by a party via telecopier transmission shall be deemed an original signature hereto.

11.     The Bankruptcy Court shall retain jurisdiction with respect to all matters arising from or related to this Stipulation, including, without limitation, for the purposes of enforcing the terms and conditions of this Stipulation.

12.     Each Party to this Stipulation shall bear its own attorneys' fees and costs.

Dated:    New York, New York
          January 31, 2017

GOLDBERG WEPRIN FINKEL
GOLDSTEIN LLP
*Attorneys for the Landlord*


By:  */s/ Kevin Nash*
     Kevin Nash
     J. Ted Donovan
     1501 Broadway, 22nd Floor
     New York, New York 10036
     (212) 221-5700
     knash@gwfglaw.com
     tdonovan@gwfglaw.com

New York, New York
January 31, 2017

FOX ROTHSCHILD LLP
*Proposed Attorneys for Yann Geron, Interim Chapter 7 Trustee*


By:    */s/ Kathleen Aiello*
       Yann Geron
       Kathleen M. Aiello
       100 Park Avenue, 15th Floor
       New York, New York 10017
       (212) 878-7900
       ygeron@foxrothschild.com
       kaiello@foxrothschild.com

5

**SO ORDERED**

Dated:      New York, New York
            February __, 2017

_____
            Honorable Sean H. Lane
            United States Bankruptcy Judge

6