FOX ROTHSCHILD LLP
Kathleen Aiello
101 Park Avenue, 17th Floor
New York, New York 10178
(212) 878-7900

*Attorneys for Yann Geron, Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
| | : | |
|---|---|---|
| In re | : | |
| | : | Chapter 7 |
| CLUB VENTURES INVESTMENTS LLC, | : | |
| d/b/a DAVID BARTON GYM, *et al*., | : | Case No. 17-10060 (SHL) |
| | : | |
| Debtors[1]. | : | Jointly Administered |

---------------------------------------------------------------x

## APPLICATION FOR AN ORDER AUTHORIZING THE SUBSTITUTION AND RETENTION OF KNECHTEL ADVISORS LLC, <u>AS ACCOUNTANTS TO THE CHAPTER 7 TRUSTEE</u>

TO THE HONORABLE SEAN H. LANE,
UNITED STATES BANKRUPTCY JUDGE:

    Yann Geron (the "<u>Trustee</u>"), the chapter 7 trustee of the estate of Club Ventures Investments LLC (the "<u>Debtor</u>"), the above-captioned debtor, as and for his application (the "<u>Application</u>"), for an order, pursuant to 11 U.S.C. § 327(a), authorizing the Trustee's substitution, retention and employment of Knechtel Advisors LLC ("<u>Knechtel Advisors</u>"), as his accountants herein, respectfully sets forth and represents as follows:

---

[1]   The Debtors refer to DB 85 Gym Corp. (Case No. 16-13580), Club Ventures III, L.L.C. (Case No. 16-13581), Club Ventures X, LLC (Case No. 16-13582), Club Ventures Archive LLC (Case No. 16-13616), Club Ventures Limelight LLC (Case No. 16-13617), Club Ventures Miami LLC (Case No. 16-13618), and Club Ventures Investments LLC (Case No. 17-10060), all of which did business as DavidBartonGyms prior to their respective filings.

**Jurisdiction**

1. This Court has jurisdiction over this case and Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this district and before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Summary of Relief Requested**

2. By this Application, the Trustee seeks to retain Knechtel Advisors as his accountants in this case in the place of Friedman LLP, his previously retained accountants. As detailed below, Karl Knechtel, formerly of Friedman LLP, recently formed Knechtel Advisors, a firm dedicated to providing professional services in the areas of insolvency, restructuring and bankruptcy. Prior to his transition and while at Friedman LLP, Mr. Knechtel was the lead accountant working on this case and, thus, is most familiar with this case. For the reasons detailed below, the Trustee's retention of Knechtel Advisors is in the best interests of the Debtors' estates and their creditors.

**Introduction**

3. On December 23, 2016 (the "Legacy Debtors Petition Date"), DB 85 Gym Corp., Club Ventures III, L.L.C. and Club Ventures X, LLC (together, the "Legacy Debtors")[2] each filed voluntary petitions for relief under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

4. On December 30, 2016 (the "Non-Legacy Debtors Petition Date"), Club Ventures Miami LLC, Club Ventures Archive LLC and Club Ventures Limelight LLC (together, the "Non-

---

[2] Upon information and belief, these Debtors are referred to as the Legacy Debtors because they are entities that emerged from a prior chapter 11 bankruptcy filing that was filed.

2

Legacy Debtors") each filed voluntary petitions for relief under chapter 7 of the Bankruptcy Code in the Bankruptcy Court.

5. On January 12, 2017, Club Ventures Investments LLC ("CV Investments") filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code in the Bankruptcy Court.

6. Following the Legacy Debtors, Non-Legacy Debtors and CV Investments' respective Petition Dates, Yann Geron was appointed as interim Chapter 7 Trustees of each of the Debtors' cases.

7. On January 24, 2017 and February 17, 2017, Mr. Geron presided over the meeting of creditors in the Legacy Debtors, Non-Legacy Debtors and CV Investment Debtors' cases, respectively, and by operation of law became the permanent trustee of the Debtors' estates. Mr. Geron is currently serving in that capacity.

8. On February 7, 2017, the Court entered an order Directing Joint Administration of the Debtors' Chapter 7 Cases [ECF No. 35].

9. The respective DavidBartonGyms operated by each of the Debtors at locations across the country were abruptly shuttered immediately before the respective bankruptcy filings with little or no warning to the Debtors' landlords, the gym clients, their vendors, or their employees. Because the DavidBartonGyms stopped operating in this manner, the Debtors' affairs were left in disarray upon their filings.

10. The Trustee is in the process of investigating the Debtors' affairs, including identifying factors contributing to the Debtors' sudden decision to cease their operations. The Trustee is also performing due diligence to identify unencumbered assets that he can liquidate for the benefit of the Debtors' estates and their creditors.

11. The Trustee requires Knechtel Advisors' assistance to understand and digest the nature of the Debtors' assets and liabilities, as well as the Trustee's ability to liquidate any unencumbered assets and to identify and pursue claims to recover money for the benefit of the Debtors' estates. The Trustee hereby seeks authority to retain Knechtel Advisors to, among other things, secure and review the Debtors' books and records, and generally assist the Trustee in his administration of the Debtors' estates.

## Relief Requested

12. By this Application, the Trustee seeks authority to substitute and retain Knechtel Advisors as his accountants, pursuant to Section 327(a) of the Bankruptcy Code and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure, to, among other things, perform the following tasks:

   (a) assist and advise the Trustee in his administration of the estates;

   (b) assist and advise the Trustee in his examination and analysis of the conduct of the Debtors' affairs;

   (c) review and analyze all potential estate claims, including, but not limited to, all potential avoidance claims;

   (d) prepare all required estate tax returns;

   (e) reconstruct the Debtors' books and records, to the extent necessary; and

   (f) perform all other necessary or appropriate accounting services in this case.

13. Knechtel Advisors intends to work closely with the Trustee and any other professionals the Trustee has retained or may retain in this case to ensure there is no duplication of services performed or charged to the estates.

14. Knechtel Advisors has indicated a willingness to act on behalf of the Trustee and render the necessary professional services as accountants to the Trustee.

15. Subject to this Court's approval, Knechtel Advisors will charge for its accounting services on an hourly basis in accordance with its ordinary and customary hourly rates for services of this type and nature and for this type of matter in effect on the date such services are rendered and for its actual, reasonable and necessary out-of-pocket disbursements incurred in connection therewith as set forth in the affidavit of Karl Knechtel (the "Knechtel Affidavit"), a member of Knechtel Advisors, a copy of which is annexed hereto as Exhibit A.

16. Knechtel Advisors intends to apply to this Court for allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the applicable Federal Rules of Bankruptcy Procedures, the Local Bankruptcy Rules, orders of this Court, and the Guidelines promulgated by the United States Trustee. Compensation will be payable to Knechtel Advisors in compliance with the above rules, on an hourly basis, plus reimbursement of its actual and necessary expenses.

17. The Trustee selected Knechtel Advisors as his new accountants because Karl Knechtel, who was primarily responsible for performing services on behalf of the Trustee while at Friedman LLP, is now working at Knechtel Advisors. Mr. Knechtel is familiar with the Debtors and these cases and to continue with Friedman LLP's services on these cases would require significant work to familiarize a new person with these matters. The employment of Knechtel Advisors will ensure the efficient and effective representation of the Trustee and the interests of these estates.

18. To the best of the Trustee's knowledge, other than as disclosed in the Knechtel Affidavit, Knechtel Advisors and its respective accountants have no connection with and no interests adverse to the Trustee, the Debtors or their estates, their creditors, or any other party in interest herein or their respective attorneys or accountants in matters relating to the Debtors or

5

their estates.Knechtel Advisors has not performed any services for or on behalf of the Debtors, and thus, Knechtel Advisors is not a creditor of the Debtors' estates.

19. To the best of the Trustee's knowledge and except as otherwise disclosed in the Knechtel Affidavit: (i) Knechtel Advisors does not hold or represent any interest adverse to the Trustee with respect to the matters for which it is being retained; (ii) Knechtel Advisors is a "<u>disinterested person</u>" as that phrase is defined in Section 101(14) of the Bankruptcy Code; (iii) neither Knechtel Advisors nor its professionals have any connection with the Debtors, their estates, or creditors; and (iv) Knechtel Advisors' employment is necessary and in the best interests of Debtors' estates.

20. The Trustee believes that the retention of Knechtel Advisors is in the best interests of the Trustee, the Debtors' estates, and their creditors.

21. No application has been made for the relief requested herein to this or any other Court.

*(continued on next page)*

WHEREFORE, the Trustee respectfully requests that an order be entered, substantially in the form annexed hereto as <u>Exhibit B</u>, authorizing him to employ and appoint Knechtel Advisors, in substitution of Friedman LLP, to represent him as his accountants in all matters herein, and that he be granted such other and further relief as is just.

| | |
|---|---|
| Dated:   New York, New York<br>            July 12, 2017 | FOX ROTHSCHILD LLP<br>*Attorneys for Yann Geron, Chapter 7 Trustee*<br><br>By:  */s/ Kathleen M. Aiello*<br>        Kathleen Aiello<br>        Fox Rothschild LLP<br>        101 Park Avenue, 17th Floor<br>        New York, New York 10178<br>        (212) 878-7900 |