UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
In re                                                                  :
                                                                           :    Chapter 7
CLUB VENTURES INVESTMENTS LLC,           :
d/b/a DAVID BARTON GYM, *et al*.,              :    Case No. 17-10060 (SHL)
                                                                           :
                                            Debtors[1].       :    Jointly Administered
----------------------------------------------------------------x

## ORDER AUTHORIZING SUBSTITUTION AND RETENTION OF KNECHTEL ADVISORS, AS ACCOUNTANTS TO THE CHAPTER 7 TRUSTEE

Upon the application, dated July 12, 2017 (the "Application"), of Yann Geron (the "Trustee"), the chapter 7 trustee of the estates of DB 85 Gym Corp., Club Ventures III, L.L.C., Club Ventures X, LLC, Club Ventures Archive LLC, Club Ventures Limelight LLC, Club Ventures Miami LLC and Club Ventures Investments LLC, all of which did business as David Barton Gyms (each a "Debtor", and collectively, the "Debtors"), the above-captioned debtors, for an order, pursuant to 11 U.S.C. § 327(a) and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure, authorizing the Trustee's substitution, retention and employment of Knechtel Advisors ("Knechtel Advisors"), as the Trustee's accountants herein; and upon the affidavit of Karl Knechtel in support thereof (the "Knechtel Affidavit"); and it appearing that Knechtel Advisors represents no interest adverse to the Trustee, the Debtors, their estates or creditors with respect to the matters for which Knechtel Advisors is to be engaged, that Knechtel Advisors is a disinterested person as that term is defined in 11 U.S.C. § 101(14), and that its employment is necessary and in the best interests of the estate; and for good and sufficient cause, it is hereby

---

[1] The Debtors refer to DB 85 Gym Corp. (Case No. 16-13580), Club Ventures III, L.L.C. (Case No. 16-13581), Club Ventures X, LLC (Case No. 16-13582), Club Ventures Archive LLC (Case No. 16-13616), Club Ventures Limelight LLC (Case No. 16-13617), Club Ventures Miami LLC (Case No. 16-13618), and Club Ventures Investments LLC (Case No. 17-10060), all of which did business as DavidBartonGyms prior to their respective filings.

***ORDERED***, that the Application is granted to the extent provided herein; and it is further

***ORDERED***, that pursuant to 11 U.S.C. § 327(a) and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure, the Trustee be and he hereby is authorized and empowered to employ and retain Knechtel Advisors as Trustee's accountants herein on the terms and conditions set forth in the Application and the Knechtel Affidavit; and it is further

***ORDERED,*** that Knechtel Advisors is authorized to perform the following tasks, among others, on behalf of the Trustee:

(a) to assist and advise the Trustee in his administration of the Debtors' estates;

(b) to assist and advise the Trustee in his examination and analysis of the conduct of the Debtors' affairs;

(c) to review and analyze all potential estate claims, including, but not limited to, all potential avoidance claims;

(d) to prepare all required estate tax returns;

(e) to reconstruct the Debtors' books and records, to the extent necessary; and

(f) to perform all other necessary or appropriate accounting services in this case.

***ORDERED***, that all compensation and reimbursement of expenses to be paid to Knechtel Advisors shall be subject to prior application to, and award by, this Court, pursuant to 11 U.S.C. §§ 330 and 331, the Federal and Local Bankruptcy Rules; and it is further

***ORDERED***, that prior to any increases in Knechtel Advisors' rates for any individual retained by Knechtel Advisors and providing services in these cases, Knechtel Advisors shall file a supplemental affidavit with the Court and provide ten business days' notice to the

Debtor, the United States Trustee and any official committee. The supplemental affidavit shall explain the basis for the requested rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code and state whether the professional's client has consented to the rate increase. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in Section 330 of the Bankruptcy Code; and it is further

*ORDERED*, that Knechtel Advisors will not charge the estate for administrative or clerical overhead services; and it is further

*ORDERED,* that, notwithstanding any of the other provisions of the Application, the Knechtel Affidavit or this Order, the United States Trustee and this Court retain all rights to respond and/or object to Knechtel Advisors' final request for compensation and reimbursement of expenses pursuant to the reasonableness standard set forth in Section 330 of the Bankruptcy Code, and it is further

*ORDERED,* that in the event of a discrepancy between the terms of this Order, the Application or the Knechtel Affidavit, the terms of this Order shall prevail; and is it further

*ORDERED*, that, notwithstanding any provision to the contrary in the Application or the Knechtel Affidavit, this Court shall retain jurisdiction to hear and to determine all matters arising from or related to implementation of this Order.

Dated:   New York, New York
        July 25, 2017

                                        */s/ Sean H. Lane*
                                        Honorable Sean H. Lane
                                        United States Bankruptcy Judge

**NO OBJECTION:**

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE


By   */s/ Susan Arbeit*
    Susan Arbeit
    Trial Attorney