| | | |
|---|---|---|
| **UNITED STATES BANKRUPTCY COURT** | | Hearing Date: |
| **SOUTHERN DISTRICT OF NEW YORK** | | September 28, 2017 at 10:00am |
| ---------------------------------------------------------------x | | Objection Deadline: |
| In re | : | September 21, 2017 at 4:00pm |
| | : | |
| CLUB VENTURES INVESTMENTS LLC, | : | Chapter 7 |
| d/b/a DAVID BARTON GYM, *et al* | : | |
| | : | Case No. 17-10060 (SHL) |
| Debtor. | : | |
| | : | Jointly Administered |
| ---------------------------------------------------------------x | | |

**MOTION IN SUPPORT OF APPROVAL OF AGREEMENT BETWEEN
TRUSTEE AND JPMORGAN CHASE BANK TO SET OFF AGAINST
<u>PREPETITION COLLATERAL RELATED TO ARCHIVE LEASE</u>**

**TEITELBAUM LAW GROUP, LLC**
*Attorneys for JPMorgan Chase Bank, N.A.*
Jay Teitelbaum
1 Barker Avenue, 3rd Floor
White Plains, New York 10601
(914) 437-7670
jteitelbaum@tblawllp.com

August 28, 2017

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. i

JURISDICTION AND VENUE ........................................................................................... 2

BACKGROUND .................................................................................................................. 2

ARGUMENT ........................................................................................................................ 4

    The Settlement Contemplated by the Stipulation Falls Well Within the "Range of
    Reasonableness" and Should Be Approved ..................................................................... 4

# TABLE OF AUTHORITIES

**Cases**
*Case v. Los Angeles Lumber Prods. Co.*, 308 U.S. 106, 130 (1939) .............................................. 5
*In re Adelphia Commc'ns Corp.*,
327 B.R. 143, 159, *adhered to on reconsideration*, 327 B.R. 175 (Bankr. S.D.N.Y. 2005) ........... 5
*In re Ionosphere Clubs, Inc.*,
156 B.R. 414, 426 (S.D.N.Y. 1993), *aff'd*, 17 F.3d 600 (2d Cir. 1994) ......................................... 5
*In re Iridium Operating LLC, et al.*, 478 F.3d 452, 462 (2d Cir. 2007) ..................................... 5, 6
*In re W.T. Grant Co.,* 699 F.2d 599, 608 (2d Cir. 1983), *cert denied* 464 U.S. 822 ....................... 5
*Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*,
390 U.S. 414, 424 (1968) ................................................................................................................ 5

**Statutes**
11 U.S.C. § 105 ............................................................................................................................ 1, 2
11 U.S.C. § 362 ......................................................................................................................... 1, 2, 4
11 U.S.C. § 501 ................................................................................................................................ 3
11 U.S.C. § 502 ................................................................................................................................ 3
28 U.S.C. § 1408 .............................................................................................................................. 2
28 U.S.C. § 1409 .............................................................................................................................. 2
28 U.S.C. § 157 ................................................................................................................................ 2
28 U.S.C. § 1334 .............................................................................................................................. 2
F.R.B.P. Rule 4001 ..................................................................................................................... 1, 2, 4
F.R.B.P. Rule 9019 .................................................................................................................. *passim*

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>----------------------------------------------------------------x<br>In re                                                                        :<br>                                                                                    :<br>CLUB VENTURES INVESTMENTS LLC,              :<br>d/b/a DAVID BARTON GYM, *et al*              :<br>                                                                                    :<br>                                              Debtor.               :<br>                                                                                    :<br>----------------------------------------------------------------x | Hearing Date:<br>    September 28, 2017 at 10:00am<br>Objection Deadline:<br>    September 21, 2017 at 4:00pm<br><br>Chapter 7<br><br>Case No. 17-10060 (SHL)<br><br>Jointly Administered |

**MOTION IN SUPPORT OF APPROVAL OF AGREEMENT BETWEEN
TRUSTEE AND JPMORGAN CHASE BANK TO SET OFF AGAINST
<u>PREPETITION COLLATERAL RELATED TO ARCHIVE LEASE</u>**

**TO:    THE HONORABLE SEAN H. LANE,
           UNITED STATES BANKRUPTCY JUDGE**

JPMorgan Chase Bank, N.A. ("<u>Chase</u>"), by its undersigned attorneys, Teitelbaum Law Group, LLC, hereby files this motion (the "<u>Motion</u>") pursuant to Sections 105 and 362(d) of Title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "<u>Bankruptcy Code</u>") and Rules 9019 and 4001(a)(3) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") for approval of the stipulation and proposed order (the "<u>Stipulation</u>") by and between Yann Geron (the "<u>Trustee</u>"), chapter 7 trustee of Club Ventures Investments LLC d/b/a DavidBartonGym and the above-captioned jointly administered debtors (collectively, the "<u>Debtors</u>")[1] and Chase (Chase and the Trustee, the "<u>Parties</u>"), which Stipulation resolves all pending disputes between the Parties by modifying the automatic stay to permit and authorize Chase to apply and set off certain funds on account at Chase and pledged to Chase as collateral for obligations of one of the Debtors in full settlement and satisfaction of all claims by Chase against Club Ventures Archive,

---

[1] The Debtors refer to DB 85 Gym Corp. (Case No. 16-13580), Club Ventures III, L.L.C. (Case No. 16-13581), Club  Ventures X, LLC (Case No. 16-13582), Club Ventures Archive LLC (Case No. 16-13616), Club Ventures Limelight  LLC (Case No. 16-13617), Club Ventures Miami LLC (Case No. 16-13618), and Club Ventures Investments LLC  (Case No. 17-10060), all of which did business as DavidBartonGyms prior to their respective filings.

LLC under the LC Documents (as defined below).  In support of this Motion, Chase respectfully states as follows:

## JURISDICTION AND VENUE

1.　　The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M10-460 dated January 31, 2012, Preska, Chief Judge, S.D.N.Y. Consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (G).

2.　　Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3.　　The statutory bases for the relief requested herein are §§ 105(a) and 362(d) of the Bankruptcy Code and Bankruptcy Rules 9019 and 4001(a)(3).

## BACKGROUND

4.　　In or around May 29, 2013, Club Ventures Archive, LLC (the "Archive Debtor") and Archives L.L.C. (the "Landlord Beneficiary") entered into a written commercial lease (the "Archive Lease") relating to certain non-residential real property located in the building known as The Archive, located at 152 Christopher Street a/k/a 666 Greenwich Street, New York, New York (the "Premises").

5.　　In or around November 4, 2016, a certain Agreement for Irrevocable Standby Letter of Credit was executed by the Archive Debtor in connection with the Archive Lease (the "LC Agreement").

6.　　On November 21, 2016, pursuant to the LC Agreement, Chase issued to the Archive Debtor that certain Letter of Credit No. CTCS-977250 (the "Archive LC"), in the amount of $304,324.98, with the Landlord Beneficiary as beneficiary.

7.　　The Archive Debtor executed that certain Assignment of Deposit Account dated as

2

of November 10, 2016 (the "Assignment", together with the LC Agreement and the Archive LC, the "LC Documents"), assigning that certain Account number XXXXX1653 (the "Collateral Account") to Chase as collateral to secure the Archive Debtor's obligation to Chase under the LC Agreement.

8. On December 30, 2016 (the "Petition Date"), the Archive Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), and, on that same day, Yann Geron was appointed Trustee of the Archive Debtor's estate.

9. On June 2, 2017 the Bankruptcy Court entered that certain Stipulation and Order Between Trustee and Archive Landlord Resolving and Settling Certain Real Estate Lease Obligations Pursuant to 11 U.S.C. §§ 501 and 502 (the "Landlord Stipulation")

10. Pursuant to the Landlord Stipulation, the Landlord Beneficiary forwarded to Chase that certain draw request requesting payment under the Archive LC in the amount of $304,324.98.

11. On or about June 8, 2017, Chase honored the Landlord Beneficiary's demand for payment under the Archive LC and made payment to the Landlord Beneficiary via wire transfer in the amount of $304,324.98 in accordance with the LC Agreement.

12. As a result of the draw on the Archive LC, the Archive Debtor is indebted to Chase under the LC Documents in the amount of not less than $305,925.64 (including $304,324.98 in principal, $500.00 in payment commissions, and $1,100.66 in interest through June 30, 2017) (interest continues to accrue at a rate of $50.03 per day)), plus reasonable attorney's fees.

13. As of the Petition Date and through the date hereof, the balance in the Collateral Account is $304,324.98.

3

14. The Parties engaged in good-faith, arms'-length negotiations and have reached a consensual resolution with respect to Chase's right to set off and apply the Collateral Account against the payment made under the Archive LC, which resolution is memorialized in the Stipulation, a copy of which is annexed hereto as Exhibit A.

15. The pertinent terms of the Stipulation are:

   a. With the approval of the Court, the automatic stay imposed by section 362(a) of the Bankruptcy Code will be modified, effective immediately upon such approval (the provisions of Bankruptcy Rule 4001(a)(3) being waived).

   b. Chase is authorized to set off and apply funds from the Collateral Account to pay in full the indebtedness owed to Chase pursuant to the Archive LC (i.e. $304.324.98) in full satisfaction of all claims of Chase against the Archive Debtor under the LC Documents, including any claims for amounts exceeding the current balance in the Collateral Account.

   c. Once such repayment is made, Chase is authorized to close the Collateral Account and provide a final statement to the Chapter 7 Trustee.

   d. The Bankruptcy Court shall retain jurisdiction with respect to all matters arising from or related to the Stipulation, including, without limitation, to enforce the terms and conditions of the Stipulation.

## ARGUMENT

### The Settlement Contemplated by the Stipulation Falls Well Within the "Range of Reasonableness" and Should Be Approved

16. Bankruptcy Rule 9019(a) provides, in relevant part, that "after notice and a hearing, the court may approve a compromise and settlement." Compromises are favored in bankruptcy; they are "a normal part of the process of reorganization." *Protective Comm. for*

4

*Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968), *quoting Case v. Los Angeles Lumber Prods. Co.*, 308 U.S. 106, 130 (1939); *see also In re Adelphia Commc'ns Corp.*, 327 B.R. 143, 159, *adhered to on reconsideration*, 327 B.R. 175 (Bankr. S.D.N.Y. 2005).

17. To approve a compromise and settlement under Rule 9019(a), courts have held that the proposed compromise and settlement should be found to be fair and equitable, reasonable and in the best interests of the debtor's estate. *See In re Ionosphere Clubs, Inc.*, 156 B.R. 414, 426 (S.D.N.Y. 1993), *aff'd*, 17 F.3d 600 (2d Cir. 1994). The Court of Appeals has stated that the responsibility of the bankruptcy judge is "not to decide the numerous questions of law and fact raised by appellants, but rather to canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness." *In re W.T. Grant Co.,* 699 F.2d 599, 608 (2d Cir. 1983), *cert denied* 464 U.S. 822.

18. Guided by the Supreme Court's decision in *TMT Trailer Ferry Inc.(supra),* the Court of Appeals requires bankruptcy judges to make informed and independent judgments as to whether proposed settlements are fair and equitable, and, in so doing, to consider the following factors:

> (1) the balance between the litigation's possibility of success and the settlement's future benefits; (2) the likelihood of complex and protracted litigation, with its attendant expense, inconvenience and delay, including the difficulty in collecting on the judgment; (3) the paramount interests of the creditors, including each affected class's relative benefits and the degree to which creditors either do not object to or affirmatively support the proposed settlement; (4) whether other parties in interest support the settlement; (5) the competency and experience of counsel supporting, and the experience and knowledge of the bankruptcy court judge reviewing, the settlement; (6) the nature and breadth of releases to be obtained by officers and directors; and (7) the extent to which the settlement is the product of arm's-length bargaining.

*In re Iridium Operating LLC, et al.*, 478 F.3d 452, 462 (2d Cir. 2007).

5

19. A review of the *Iridium* factors overwhelmingly favors approval of the Stipulation. The Trustee has performed substantial due diligence regarding this matter and has executed the Stipulation. There is no dispute as to the validity and priority of Chase's security interest in the funds on account at Chase or as to the claim asserted by Chase arising from the Landlord Stipulation and the payment of the Archive LC. The Stipulation resolves a significant issue for the estate over which there is no material factual or legal dispute. The Stipulation involves no releases and is the product of arms'-length negotiations between the Trustee and Chase.

20. Chase therefore submits that approval of the Stipulation is fair and reasonable and in the best interest of the estate.

21. The settlement between the Trustee and Chase formalized in the Stipulation falls well within the range of reasonableness contemplated by Bankruptcy Rule 9019 and the relevant case law cited herein and is in the best interest of the estate at large. Chase therefore respectfully submits that the Stipulation should be approved by the Court.

**WHEREFORE**, Chase respectfully requests that the Court approve and so-order the Stipulation and grant Chase such other and further relief that the Court determines is just and proper.

Dated: White Plains, New York  **TEITELBAUM LAW GROUP, LLC**
August 28, 2017  *Attorneys for JPMorgan Chase Bank, N.A.*

By: */s/ Jay Teitelbaum*
Jay Teitelbaum
1 Barker Avenue, 3rd Floor
White Plains, New York 10601
(914) 437-7670
jteitelbaum@tblawllp.com

6