# EXHIBIT A

108765474.v1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | |
| | : | Chapter 7 |
| CLUB VENTURES INVESTMENTS, LLC, *et al.* | : | Case No. 17-10060 (SHL) |
| | : | (Jointly Administered) |
| Debtors[1]. | : | |

---------------------------------------------------------x

| | | |
|---|---|---|
| YANN GERON, Chapter 7 Trustee of Club Ventures Investments, LLC, *et al.*, | : | |
| Plaintiff, | : | Adv. Pro. No. 19-01112 (SHL) |
| -against- | : | |
| MERIDIAN SPORTS CLUB, LLC d/b/a DAVID BARTON GYM, | : | |

---------------------------------------------------------x

### SETTLEMENT AGREEMENT AND MUTUAL RELEASE BETWEEN CHAPTER 7 TRUSTEE AND DEFENDANT MERIDIAN SPORTS CLUB, LLC RESOLVING CERTAIN LITIGATION AND CLAIMS

By this Settlement Agreement and Mutual Release (the "Agreement"), Yann Geron (the "Trustee" or the "Plaintiff"), as chapter 7 trustee of the estates of Club Ventures Investments, LLC and affiliated entities (the "Debtors"), on the one hand, and Meridian Sports Club, LLC d/b/a David Barton Gym ("Meridian" or the "Defendant"), on the other hand (together, the "Parties"),

---

[1] The Debtors refer to DB 85 Gym Corp. (Case No. 16-13580), Club Ventures III, L.L.C. (Case No. 16-13581), Club Ventures X, LLC (Case No. 16-13582), Club Ventures Archive LLC (Case No. 16-13616), Club Ventures Limelight LLC (Case No. 16-13617), Club Ventures Miami LLC (Case No. 16-13618), and Club Ventures Investments LLC (Case No. 17-10060), all of which did business as DavidBartonGyms prior to their respective filings.

118308649.v2

agree to settle and resolve the above-captioned adversary proceeding (the "Adversary Proceeding") and all claims between the Parties, according to the terms set forth herein.

## RECITALS

**WHEREAS**, between December 23, 2016 and January 12, 2017, each of the Debtors filed a voluntary petition for relief under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"); and

**WHEREAS**, prior to their bankruptcy filings, the Debtors owned and operated health and fitness clubs under the name of DavidBartonGym, which were located at various locations throughout the country; and

**WHEREAS**, the Office of the United States Trustee appointed the Plaintiff as the chapter 7 trustee for each of the respective Debtors' cases; and

**WHEREAS**, on February 7, 2017, the Bankruptcy Court entered an order directing the joint administration of the Debtors' cases; and

**WHEREAS**, on April 9, 2019, the Trustee commenced this Adversary Proceeding against the Defendant by filing a complaint (the "Complaint") seeking, among other things, turnover of property, reimbursement, and/or to avoid and recover the value of various transfers made by the Debtors to or for the benefit of the Defendant pursuant to sections 541, 542, 547, 549, and 550 of the Bankruptcy Code, including: (i) approximately $533,148.22 transferred to the Defendant during the two years prior to the Debtors' bankruptcy filings; (ii) approximately $255,149.00 transferred to the benefit of the Defendant during the year prior to the Debtors' bankruptcy filings; (iii) approximately $1,032,500.00 paid by the Debtors as compensation for the Defendant's CEO, Howard Brodsky; (iv) approximately $58,416.07 transferred to third parties for

2

118308649.v2

the Defendant's benefit during the two years prior to the Debtors' bankruptcy filings; and (v) turnover of certain trademarks and/or the monetary value of such trademarks and compensation for the Defendant's use of such trademarks (collectively, the foregoing are the "Claims"); and

*WHEREAS*, the Defendant disputes the allegations in the Complaint and has also asserted and provided the Trustee with information indicating that it has no present assets; and

*WHEREAS*, the Parties have engaged in good faith and arms-length negotiations, and seeking to avoid the costs and uncertainty attendant to further litigation of the Claims asserted in the Complaint, the Parties have agreed to settle the Claims in full and final resolutions of this Adversary Proceeding on the terms and conditions set forth herein.

*NOW THEREFORE*, for good and valuable consideration, the Parties hereby stipulate and agree, as follows:

## AGREEMENT

**Recitals.** The recitals and facts set forth above are incorporated into this Agreement.

1. **Rule 9019 Motion.** Promptly after this Agreement is executed and Settlement Deposit (as defined below) is paid to the Trustee, the Trustee will make a motion under Bankruptcy Rule 9019 (the "9019 Motion") requesting that the Bankruptcy Court approve the settlement of all claims between and amongst the Parties pursuant to this Agreement. This Agreement is subject to and conditioned upon the entry of a final, non-appealable order by the Bankruptcy Court approving this Settlement (the "Settlement Effective Date"). In the event that the Settlement Effective Date does not occur, this Agreement shall be deemed null and void and of no force or effect. In such event, nothing (including the Recitals) contained in this Agreement, the 9019 Motion, any correspondence or other communications related to the negotiations between the Parties or drafting

3

118308649.v2

or approval of this Agreement, shall be argued or deemed to be an admission against any Party's interest in any litigation by and between the Parties, including the Adversary Proceeding, and the Parties shall be automatically returned to their respective positions status quo ante.

2. **Settlement of the Claims.** In full and final settlement of the Claims and in consideration for the Mutual Releases set forth in Paragraph 4,

- A. The Defendant shall pay the Trustee a total of $40,000.00 (the "Base Settlement Amount"), payable in the following installments: (i) $10,000.00 due at the time of execution of this Agreement (the "Settlement Deposit"); and (ii) $30,000.00 due within thirty (30) days of the Bankruptcy Court's entry of an order approving the 9019 Motion and this Agreement (the "Settlement Balance," and together with the Settlement Deposit, the "Settlement Payments"). Each of the Settlement Payments shall be made by check payable to "Yann Geron, Chapter 7 Trustee" with reference to DBG Estates in the memo field and delivered to the Trustee c/o Geron Legal Advisors LLC, 370 Lexington Avenue, Suite 1101, New York, NY 10017.

- B. The Settlement Deposit and Settlement Balance (in the event it is made prior to the Settlement Effective Date), shall be deposited by the Trustee in a segregated non-interest bearing estate account of the Debtor, and shall not be released except as provided in this paragraph 2(C) or further order of the Bankruptcy Court. For the avoidance of doubt, the Settlement Payments shall not be assets of the Debtors' estates or commingled with any other assets of the Debtors until the occurrence of the Settlement Effective Date.

- C. Upon the Settlement Effective Date, the Trustee shall release the Settlement Deposit and the Settlement Balance (if previously paid) to the Debtors' estates. In

4

118308649.v2

the event the Bankruptcy Court declines to approve this Agreement, the Trustee shall promptly return any portion of the Base Settlement Amount received to the Defendant.

D. In addition to the Base Settlement Amount, the Defendant shall remit to the Trustee any amount it receives from Icon Fit Clubs LLC ("Icon") in excess of the aggregate amount of $5,000.00. (an "Additional Icon Payment") in resolution of claims between the Defendant and Icon. The Defendant shall remit to the Trustee any such Additional Icon Payment(s) within ten (10) days of receipt from Icon. Upon the closing of the Debtors' cases, the Defendant shall have a duty to inform the Trustee of the Defendant's receipt of any Additional Icon Payment within ten (10) days of receipt of such payment, and the Trustee reserves the right to request the re-opening of the Debtors' cases so that any such Additional Icon Payments can be administered as part of the Debtors' estates.

E. At the time of execution of this Agreement, the Defendant shall execute and deliver to the Trustee a consent judgment in favor of the Trustee in the amount of $500,000.00, which shall be docketed upon the Bankruptcy Court's approval of the 9019 Motion.

3. **Waiver of Claim Under Section 502(h) of the Bankruptcy Code.** The Defendant agrees to waive any claim that it may have or become entitled to from the Debtors' estates under section 502(h) of the Bankruptcy Code.

4. **Mutual Releases between the Parties.** In consideration of the terms and provisions of this Agreement, and subject to and conditioned upon: (i) the occurrence of the Settlement Effective Date, (ii) the payment in full of the Base Settlement Amount and (iii) entry

of the consent judgment against Defendant only, the Parties completely release, hold harmless, and forever discharge each other and, as applicable, their past and present parents, predecessors, subsidiaries, affiliates, partners, owners, officers, directors, managers, employees, attorneys, including their retained attorneys, agents, trusts, trustees, spouses, heirs, executors, administrators, successors, assigns, and insurers, and anyone claiming by or through them, including but not limited to All American Fitness LLC and Leonard Rifkind, of and from any and all causes of action, claims, counterclaims, debts, demands, damages, costs, attorneys' fees and expense, known or unknown, accrued or unaccrued, contingent or not contingent, of every nature and kind, both at law and in equity, from the beginning of time to the date hereof that the releasers had, have, or might have against the releases, relating in any way to the Claims asserted in the Complaint and this Adversary Proceeding, and any legal claims related to piercing the corporate veil, alter ego, or successor liability.

5. **No Release of Right to Enforce Settlement.** Notwithstanding anything to the contrary contained herein, upon the occurrence of the Settlement Effective Date, no Party to this Agreement intends to release or does release or waive any right to enforce the express provisions of this Agreement, which rights are expressly preserved by the Parties, including but not limited to the Trustee's right to pursue collection of any Additional Icon Payments from the Defendant.

6. **Admissibility.** This Agreement shall not be admissible in any proceeding, whether at law or equity, for any purpose whatsoever, except as necessary to secure Bankruptcy Court approval of this Agreement and to enforce the provisions of this Agreement.

7. **Interpretation.** The Agreement shall be construed as having been drafted by all of the Parties hereto and as the product of informed negotiations in which each Party had the benefit of the advice of counsel. The Parties agree and direct that the rule of contract construction

providing that ambiguous contract terms should be interpreted against the drafting party shall not be applied to this Agreement.

8. **Jurisdiction to Enforce; Consent to Jurisdiction.** The Bankruptcy Court shall retain exclusive jurisdiction to interpret and construe this Agreement and to implement and enforce its terms and, for such purposes, the Parties consent to the jurisdiction of the Bankruptcy Court.

9. **Other Provisions.**

A. This Agreement constitutes the whole agreement of the Parties hereto with respect to the Complaint, the Claims, and the Adversary Proceeding, and may only be modified or amended by the written consent of the Parties and with any necessary Bankruptcy Court approval.

B. This Agreement shall bind and inure to the benefit of all the Parties, including, but not limited to, each of their respective officers, directors, shareholders, servants, employees, principals, agents, representatives, insurers, attorneys, predecessors and successors in interest, and assigns.

C. Paragraph titles or captions contained in this Agreement are inserted as a matter of convenience and for reference only and in no way define, limit, extend, or describe the scope of this Agreement or any provision hereof. Such titles or captions are not to be considered in interpreting or construing this Agreement.

D. This Agreement may be signed in counterparts by the Parties hereto with the same force and effect as if the Parties signed the same original Agreement. Facsimile copies and photocopies of the Parties' signatures of this Agreement shall be valid and enforceable to the same extent as original signatures, and the Parties hereby waive any requirement that original signatures be produced as a condition of proving the validity of, or otherwise enforcing this Agreement.

E.   All communications or notices required or permitted under this Agreement will be in writing, will reference this Agreement, and will be deemed given: (a) when received, if sent by email transmission and (b) one (1) business day after deposit with a commercial overnight carrier, with written verification of receipt. All such communications or notices will be sent to the Parties at their respective email address(es) set forth below. A Party may change its address(es) at any time by giving written notice to the other Parties as set forth herein.

F.   Each Party hereto, or counsel to each Party, represents and warrants that it, she or he, as the case may be, has full authority to enter into this Agreement.

*[Signatures Continued on Next Page]*

YANN GERON, CHAPTER 7 TRUSTEE

By: _____

Date: __February 16, 2021__


MERIDIAN SPORTS CLUB, LLC

By: _____
Leonard Rifkind, as the authorized
agent of Meridian Sports Club, LLC

Date: __February 15, 2021__